I think the statute here in question should be held valid.

When opportunity offers I will state my views more fully.

---

HOUSTON & T. C. RY. CO. v. WALKER et al. (No. 3402.)

(Supreme Court of Texas. June 23, 1915.)

APPEAL AND ERROR ☞1092—REVIEW—TAXATION OF COSTS ON APPEAL—DISCRETION OF COURT.

Taxation of costs of an appeal to the Court of Civil Appeals is within the discretion of the court, and the Supreme Court will not reverse it where not inequitable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4812–4321; Dec. Dig. ☞1092; Costs, Cent. Dig. §§ 327, 820, 821.]

Motion to retax costs. Granted, and order for direction of costs revised.

For former opinion, see 173 S. W. 208.

PHILLIPS, C. J. When our order was made directing that the costs of the appeal in the Court of Civil Appeals be taxed against the plaintiff in error, we did not note that upon a motion that court had directed that the costs of such appeal be taxed against the defendants in error. That was a matter within the discretion of that court, and, since its order was not inequitable, we do not believe we should reverse it. It doubtless proceeded from the fact that the appellees, the defendants in error here, remitted in that court a portion of the judgment which amounted to the appeal prevailing in a substantial part. The plaintiff in error, under our disposition of the case, likewise prevailed here on a substantial question as against two of the defendants in error, Camille Walker and Fount Walker.

Our order is therefore revised so as to direct that the costs in the Court of Civil Appeals be taxed against all of the defendants in error, and that the costs in this court be taxed against Camille Walker and Fount Walker.

---

BOGUE v. TEXAS TRACTION CO. (No. 3398.)

(Supreme Court of Texas. June 26, 1915.)

1. MASTER AND SERVANT ☞243—VIOLATION OF RULE BY SERVANT—CONTRIBUTORY NEGLIGENCE.

The violation of a rule of the employer by a servant under certain circumstances may amount to contributory negligence as a matter of law as fully as any other conduct.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 682, 759–775; Dec. Dig. ☞243.]

2. MASTER AND SERVANT ☞243—VIOLATION OF RULE BY SERVANT—CONTRIBUTORY NEGLIGENCE.

Where plaintiff motorman, driving defendant street railway's car, knew that there was a car ahead of him, and, in approaching a cross-street, violated the rule of the company requiring that he stop until the car ahead, which reached it first, had passed over, before himself attempting to pass, and also the rule that in passing a car at a standstill on an opposite track the speed of his own car should in no event exceed three miles an hour, and his car be under absolute control to make possible an instant stop, plaintiff, on the contrary, keeping on across the cross-street without stopping at a speed of six or seven miles an hour at least, striking the rear of the car ahead of him because the headlight of the car at a standstill on the opposite track blinded him, he could not recover for his injuries received in the collision; for under the circumstances his violation of the

rules of his employment amounted to contributory negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 682, 759–775; Dec. Dig. ☞243.]

On motion for rehearing. Motion overruled.

For former opinion, see 173 S. W. 875.

PHILLIPS, C. J. [1] It was not the purpose of the court to announce, in the opinion rendered by the late Chief Justice Brown on the original hearing of the case, that the violation by an employé of a rule of the master for the government of the particular employment amounts, in itself, to negligence per se, as the counsel for the defendant in error seem to have understood; nor was it so stated in his opinion. It was only intended to declare—and reading the statement of Judge Brown on the question in association with the rest of his opinion it is so revealed —that under the state of the evidence and the circumstances shown by it the violation by Bogue of the rules referred to amounted to contributory negligence on his part as a matter of law, as held by the Honorable Court of Civil Appeals in its disposition of the case. We adhere to that view. It is needless to say that a violation of such a rule under certain circumstances may amount to negligence as a matter of law, as fully so as any other conduct; and that this court has the authority to so hold without in any wise invading the province of the jury. It simply proceeds from the duty as well as the authority of the court to declare the law under a given state of facts.

[2] Bogue knew that the interurban car, into which he ran the car he was operating as a motorman, was proceeding just ahead of him on the same track in the same direction with his car, without, according to his testimony, any light on its rear end, because he saw it plainly. It was brilliantly lighted with electric lights on the inside. The collision occurred at the intersection of Swiss avenue with Peak street, along which the two cars were moving. An outgoing or north-bound interurban car had approached Swiss avenue from the south on a parallel track, and had stopped on its south side, with its headlight brilliantly burning. Bogue knew this when he approached Swiss avenue from the north. Under rules of his own company which were binding upon him, it was required that under such conditions he stop his car on the north side of the avenue so as to permit the outgoing interurban car, which had first reached it, and therefore had the right of way to cross it, to pass over it before attempting to cross the avenue with his car; and that in passing a car at a standstill on an opposite track the speed should in no event exceed three miles an hour, and the car be under absolute control so as to make possible an instant stop.

Bogue did not stop his car on the north side of Swiss avenue so as to permit the outgoing interurban car to cross over. Neither was the speed of his car reduced to three miles an hour as it approached and entered upon Swiss avenue, nor was it under absolute control. Instead, he kept right on across Swiss avenue without stopping, and, according to his own testimony, entered Swiss avenue at a speed of six or seven miles an hour—at one place in his testimony it is stated as ten or twelve miles an hour—and crashed into the rear of the interurban car ahead of him, which had stopped on the south side of the avenue, and which he must have known was just in front of him. He says he did not see the car just in front of him, at the immediate time, because the brilliance of the headlight of the outgoing interurban car, then standing on the south side of Swiss avenue, blinded him. He knew, however, that that light was shining in his face, and, if it did blind him, that it interfered with his vision; and, with his knowledge that the other car was in front of him, that condition made it all the more necessary, as an act of ordinary caution, that he observe for his own safety both the rule requiring him to stop his car on the north side of Swiss avenue, and to reduce its speed so as to put it under absolute control, in any event.

It is the practice of this court to defer to the finding of a jury where the facts are in issue. But if, under the circumstances shown in this case, it may be held that Bogue, in disregard of rules framed for his own protection under such a condition as was presented at the time of this collision, could plunge ahead with his car and take the risk of its smashing into the rear of a car which he knew was just ahead of him, and then be relieved of the consequence of his act, it might as well as announced in the same connection that in this jurisdiction the law of contributory negligence no longer has any force.

The motion for rehearing has been carefully considered, and is overruled.